# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: E.W.**

**No. 14-1190** (Mercer County 14-JA-022)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's October 28, 2014, order terminating his parental rights to E.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights instead of imposing a less restrictive dispositional alternative.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition alleging that the parents abused one-year-old E.W. According to the petition, petitioner abused various drugs, engaged in criminal activity, and did not properly provide for the child's needs. The abuse and neglect proceeding was initiated after the child's mother yielded positive drug screens that were ordered by the family court in a proceeding involving the same parties. According to the petition, petitioner also tested positive for various controlled substances the previous month. Ultimately, the family court granted temporary legal guardianship of E.W. to the child's paternal grandmother and transferred the matter to circuit court in January of 2014.

In April of 2014, the circuit court held an adjudicatory hearing, which petitioner did not attend. During the hearing, the child's mother testified about petitioner's lack of support for the child and her intravenous drug use with petitioner. Based upon this evidence, the circuit court found that petitioner neglected the child. In July of 2014, the circuit court held a dispositional hearing, during which petitioner moved for a post-adjudicatory improvement period despite his

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

refusal to participate in drug screening. The circuit court deferred ruling on this motion, but ordered petitioner to participate in drug screenings, make efforts to obtain treatment, and attend all required meetings.

In September of 2014, the guardian filed a motion to terminate petitioner's parental rights because of his failure to obtain adequate housing; continued substance abuse; refusal of at least two drug screens; problematic visitations with the child, including disruptive visitations that were not in the child's best interests and petitioner's refusal to visit on one occasion; and failure to make any meaningful effort toward attaining long-term substance abuse treatment. The following month, the circuit court held a dispositional hearing, during which both the guardian and the DHHR moved to terminate petitioner's parental rights. During the hearing, a DHHR worker testified that petitioner failed to obtain housing or employment and was not compliant with drug screening. Further, petitioner missed multiple visitations with the child and others were described as "tumultuous." According to the DHHR worker, petitioner had not made any recent efforts to comply with the terms or conditions of the family case plan. An employee of the Mercer Day Report Center where petitioner submitted for drug screens testified that all eleven drug screens petitioner submitted were positive for several drugs, including Suboxone, marijuana, Hydrocodone, Xanax, opiates, and Valium. During his testimony, petitioner admitted to drug use and his failure to obtain housing. Ultimately, the circuit court terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. Petitioner's sole argument on this issue is that because the child remained in a legal guardianship established in family court, the circuit court erred in failing to impose a dispositional alternative less restrictive than termination of his parental rights. The Court, however, does not agree.

The Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect. Pursuant to

West Virginia Code § 49-6-5(b)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

The circuit court specifically made this finding in regard to petitioner, based upon the evidence above related to his non-compliance with the services offered below and his failure to correct the conditions of abuse and neglect as evidenced by his ongoing drug abuse.

Contrary to petitioner's argument that a less restrictive dispositional alternative existed, namely leaving the child in a legal guardianship with the paternal grandmother, the circuit court had no option but to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

While petitioner argues that the circuit court failed to recognize that the child's permanency was already established by the family court's prior order, we find no merit to this argument. The record indicates that the family court granted temporary legal guardianship to the grandmother and transferred the matter to the circuit court to initiate the abuse and neglect proceedings. It is clear that the child's interest of permanency was not addressed by the prior order granting a temporary guardianship. Therefore, it was necessary to transfer the matter to the circuit court to initiate the abuse and neglect proceedings to establish a permanent placement for the child. Petitioner had the opportunity to correct the conditions of abuse and neglect that necessitated the petition's filing, but instead willfully refused to participate in multiple services, including drug screens and visitation with his child. As such, the circuit court properly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. For these reasons, termination of his parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 28, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II